**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHIRLEY A. MCDONALD**                                                               **PLAINTIFF**

**v.**                                                                          **CAUSE NO.: 4:22-cv-91-DMB-JMV**

**WARFIELD POINT ASSOCIATES, INC.
AND JAMES D. HOMAN, JR.**                                                     **DEFENDANTS**

**ORDER**

Before the court is the Defendants' Motion to Strike Expert Designation of Kristena Gaylor [42]. The motion was filed on July 20, 2023, and Plaintiff's Response [46] was filed July 31, 2023. Defendants' Reply [47] was filed August 2, 2023, and as such the motion is ripe for decision. For the reasons that follow, the motion to strike is **denied**.

By this Court's Order [34] on April 11, 2023, Plaintiff's expert designation deadline was extended to May 19, 2023. On May 19, 2023, Plaintiff filed her Notice [38] of service of supplemental designation of expert witnesses. A little over one month later, on June 29, 2023, Plaintiff untimely filed a Notice [39] of service of second supplemental designation of expert witnesses, including the expert report of Dr. Kristena Gaylor.[1]

"A party must make [its expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In addition, Local Uniform Civil Rule 26 provides: A party must make full and complete disclosure as required by FED. R. CIV. P. 26(a)(2) and L. U. CIV. R. 26(a)(2)(D) no later than the time specified in the case management order by serving the disclosure on all counsel of record and concomitantly filing a Notice of Service of Expert

---

[1] Defendants also allege that Plaintiff has not provided Kristena Gaylor's testimony list as part of her disclosure. *See* [43] at 4-5. To the extent that this allegation is still accurate, Plaintiff is ordered to disclose Dr. Gaylor's testimony list as required by F.R.C.P. 26(a)(2)(B)(v) within 3 business days.

Disclosure with the court. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. L.U.Civ.R. 26(a)(2). The Rule goes on to state that "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." L.U.Civ.R. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

To determine whether a party's disclosure failure is substantially justified or harmless, courts in the Fifth Circuit consider the following factors: "(1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure any prejudice." *Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2020 U.S. Dist. LEXIS 177297, at *12 (N.D. Miss. Sept. 28, 2020) (citing *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)).

As to the first factor, Defendants point out that while Plaintiff had "initially claimed that Dr. Gaylor needed Dr. Katz's report to formulate her opinions," Dr. Gaylor's report does not give any opinions on future medical care – the basis for waiting on Dr. Katz's report. Plaintiff, meanwhile, contends that she had to wait for the conclusion of Dr. Katz's report to know there were no future medical needs for Dr. Gaylor to consider. Defendants, on the other hand, argue this does not explain why the plaintiff failed to move this Court for a further extension of her expert designation deadlines once it was clear that Dr. Gaylor would be unable to complete her report by the May 19, 2023, deadline, even if Plaintiff's contention has merit. However, a careful examination of the exchange of emails between counsel on the May 19, 2023, designation

deadline and on surrounding dates does shed light on the situation. For example, while it is accurate that Plaintiff's counsel did not move for an extension of the May 19, 2023, expert designation deadline, that counsel did email defense counsel upon May 19, 2023, as follows regarding the need for additional time to provide the expert report of Dr Gaylor:

> Landon,
> We received your message earlier this week but Alma and I have been out of town on another matter so I apologize for the delay in responding. But before we could respond, we were waiting for Dr. Katz's expert report, which he just provided ( a copy of our expert designation and Dr. Katz's report is attached). Dr. Katz's report should answer the questions you posed. If not, let me know and we will respond.
> Also, our expert designation deadline is today. Since we just received Dr. Katz's report, we are just now getting it to our economists, Dr. Gaylor. We are asking Dr. Gaylor for a quick turnaround and wanted to request a short extension on submitting her report. If you agree, I will see how much time Dr. Gaylor needs and we can submit an unopposed motion for extension.
> Thanks and have a great weekend.
> Robert

In response to this May 19, 2023, request for an extension to submit the report of Dr. Gaylor, defense counsel responded on May 23, 2023, with an email saying:

> Hello, Robert. Sorry for the delayed response.
> Jim and I are fine with the extension you requested as long as it is to a date certain and we are allowed a reciprocal extension for our experts. Also, can y'all send us some dates in June for Ms. McDonald's deposition? Thanks.

> On May 31, 2023, Defendants' counsel followed up in an email that said:

> Good afternoon, Robert. Hope you had a good holiday weekend. Just following up to see where we are on my email below [this is a reference to the email of 5/23/23]. Please let me know. Thanks.

> Getting no response, defense counsel followed up on June 12, 2023:

> Robert,
> We still have not heard back from you on this, and our client wants us to move forward. Thus, please send us Dr. Gaylor's full report and other Rule 26 materials on or before this Friday, June 16. If we have not received them by then, we will have no choice but to move to strike Dr. Gaylor's designation and opinions as untimely. Also, please confirm that you are agreeable to extending our expert deadline by 4 weeks. We appreciate your understanding and cooperation.

In a response made on the same day, Plaintiff's counsel stated:

Landon,
I am waiting for Dr. Gaylor to provide her expert report. She promised that I would have it last week and I still do not have it. I was hoping to respond to your email with the report. I have to go to Hattiesburg tomorrow for a mediation but I will check with her and see when I can expect it.
I apologize for the delay and we will agree to any extension you need based on our delay.

It appears no reply was ever made to this email by defense counsel, and on June 29, 2023, Plaintiff's counsel, having received Dr Gaylor's report, provided the same to defense counsel and filed on the docket with respect thereto a Notice of Service of Second Supplemental Designation of Expert Witnesses [39]. Then, three weeks later, on July 19, 2023, Defendants timely designated their experts. The next day, July 20, 2023, defense counsel filed the instant Motion to Strike Expert Designation of Kristen Gaylor [42].

I find that these seemingly cordial, if not always prompt exchanges, evince a working relationship between counsel as concerns Plaintiff's need for an extension of her deadline to designate Dr. Gaylor, and the accompanying need such an extension would give rise to for Defendants' own expert deadline. Indeed, Plaintiff's counsel has explained that he understood from the email exchanges through June 12, 2023, and most importantly from the fact that no response to his email that day was made by defense counsel so as to indicate opposition to further time for Plaintiff's designation of Dr. Gaylor, that an informal extension of his deadline was not opposed. And, while certainly the parties are cognizant that absent a properly filed motion for an extension and an order granting same, they are operating in violation of the court's rules concerning deadlines and are, therefore, at their peril should communications break down or miscommunications occur, I nevertheless find that the email exchanges above does provide some rationale for Plaintiff counsel believing his late designation of Dr. Gaylor would not be opposed.

Accordingly, on balance this factor is neutral.

As to the second factor, Defendant argues, and the court agrees, that importance of the evidence alone is not determinative in disputes such as this one. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *see also Ronaldo Designer Jewelry, Inc. v. Cox*, 2020 WL 1124742 (N.D. Miss. Mar. 6, 2020). Nevertheless, it appears Plaintiff will not have any testimony on the value of loss household services without Dr. Gaylor's expert testimony. *See* [46] at 3. Accordingly, I find this factor weighs against exclusion.

As to the third and fourth factors, the court takes up their consideration in tandem. In the correspondence between the parties' counsel set forth above, Defendants at one point indicated they would acquiesce to the late designation of Dr. Gaylor if they were afforded a four-week extension in which to designate their experts. *See* [42-6]. This circumstance, coupled with the fact that discovery in the case does not expire until October 20, 2023, making it feasible to award Defendants an additional four weeks from the date of this Order to designate their experts to counter Dr. Gaylor, thus mitigating any prejudice against the defendants, weighs in favor of denying the instant motion to strike. This is particularly true where, as here, this extension of Defendants' expert designation deadline does not necessitate moving any other of the case management deadlines. In short, I find these factors weigh against exclusion.

It is hereby ordered that the motion to strike is **denied**. Defendants' expert designation deadline is reset to August 30, 2023. And, Plaintiff is ordered to disclose Dr. Gaylor's testimony list to Defendants within 3 business days.

**SO ORDERED** this, the 2nd day of August, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**